FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 20 2011

JAMES N. HATTEN, CLERK
By: Brannon, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIAN PHILIPS AND OPRAIL PHILIPS )
)
    Plaintiff, )
)
v. )   CIVIL ACTION
)   FILE NO.  1:11-CV-1672
)
LUEDER, LARKIN & HUNTER, LLC )
)
    Defendant. )
)

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, (where Plaintiffs reside in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, Brian Philips and Oprail Philips ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Georgia, County of Fulton, and City of Alpharetta.

5. Plaintiffs are both a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Lueder, Larkin & Hunter, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to

be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. On or about December 11, 2009, Defendant obtained a judgment against the Plaintiffs in connection with assessment fees allegedly owed to White Columns Community Association, Inc, which included almost $2,500.00 in attorneys' fees that were allegedly incurred by the Defendant.

12. Approximately six (6) months after the judgment was entered, Plaintiffs paid Defendant and fully satisfied the judgment.

13. Defendant, through garnishment, received payment in excess of the amount owed pursuant to the judgment.

14. On or about September 1, 2010, Defendant filed a satisfaction of judgment.

15. However, Defendant still continued to collect attorney's fees associated with the already satisfied judgment, in the amount of $2,142.94 – an unreasonable and unconscionable amount that, upon information and belief, was

excessive in light of the work Defendant had performed from the time the judgment was entered, in connection with the collection of this debt.

16. At no time did Defendant submit the fees described in Paragraph 15, *supra*, to a Court of competent jurisdiction for judicial review.

17. On or about August 31, 2010, Defendant sent Plaintiffs email and written correspondence, and provided a ledger itemizing Plaintiffs' balance with White Columns Community Association, Inc.

18. Defendant's August 31, 2010 correspondence stated: "The ledger verifies the current amount which the Association is seeking from you. Post-Judgment Attorneys' fees of $2,142.94 and costs of $517.50 have also been added to your balance. Note that although such amounts do not yet appear on your ledger, they are still owed. The current amount owed is $5,477.56, which includes the post-judgment attorneys' fees and costs."

19. The total balance reflected on the ledger, dated August 31, 2010, was $3,521.70.

20. On or about November 8, 2010, Defendant provided another ledger, dated November 8, 2010, which did not reflect the amount of attorneys' fees asserted by Defendant on August 31, 2010.

21.     On or about November 8, 2010, Defendant sent correspondence with the ledger to Plaintiff's counsel, which stated: "The ledger verifies the current amount which the Association is seeking from you. Post-Judgment Attorneys' fees of $2,227.94 have also been added to your client's balance. Note that although such amounts do not yet appear on their account ledger, they are still owed. The current amount owed is $3,938.09, which includes the post-judgment attorneys' fees and costs."

22.     The balance reflected on the ledger, dated November 8, 2010, was $3,694.02.

23.     On or about December 8, 2010, Defendant asserted that Plaintiffs' current balance was as follows:

| | |
|---|---|
| 2010 Principal: (through 12/2010) | $2,795.99 |
| Post-judgment Attorneys' Fees: | $2,297.94 |
| **Total Balance:** (through 12/8/2010) | **$5,093.93** |

24.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

25. Plaintiffs repeat and re-allege each and every allegation contained above.

26. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' debt, including by asserting balances owed inconsistent with that reflected by the ledgers on two separate occasions as detailed above.

27. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' debt, including by asserting Plaintiffs owed $5,477.56 on August 31, 2010; asserting Plaintiffs owed $3,938.09 on November 8, 2010; and asserting Plaintiffs owed $5,093.93 on December 8, 2010.

28. Defendant violated 15 U.S.C. § 1692e(2)(A) by failing to clearly and fairly communicate the amount of debt owed, including failing to explain how the total amount due was determined, especially when the demand for payment included add-on expenses such as attorneys' fees.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means and false representations in connection with its attempt to collect a debt, including by failing to explain the apparent discrepancies between the current amount being sought and amount reflected on the ledger (on two separate occasions), and by failing to explain how the total balance sought changed as Defendant asserted on August 31, 2010, November 8, 2010, and December 8, 2010.

31. Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means and false representations in connection with its attempt to collect a debt, including by failing to itemize how attorneys' fees were incurred.

32. By failing to itemize attorneys' fees, Defendant prevented Plaintiffs from fairly and accurately assessing the validity of the debt, as Plaintiffs were unable to knowledgeably assess whether the attorneys' fees were reasonable.

33. Defendant violated 15 U.S.C. § 1692e(10) by falsely stating that attorneys' fees were incurred, when upon information and belief attorneys' fees were not incurred, as they were not shown to be charged to Defendant's client for months.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f(1)

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount not authorized by the agreement creating the debt, including upon information and belief by collecting unreasonable attorney's fees and/or attorneys' fees not yet actually incurred.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect a debt by its conduct as detailed above, including by charging Plaintiff for attorneys' fees not actually incurred and/or for unreasonable attorneys' fees, by misrepresenting the amount of attorneys' fees, by attempting to collect attorneys' fees associated with an already satisfied judgment, by failing to explain the basis for the amount being collected and by preventing Plaintiffs from understanding the character or amount of the debt allegedly owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby demands a trial by jury.

This 16 day of May, 2011.

ATTORNEYS FOR PLAINTIFF
BRIAN AND OPRAIL PHILIPS

Respectfully submitted,

_____
Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN PHILIPS AND OPRAIL PHILIPS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LUEDER, LARKIN & HUNTER, LLC ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION <br> FILE NO._____ |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

_____
Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com